1  GIBSON, DUNN & CRUTCHER LLP
   HEATHER L. RICHARDSON, SBN 246517
2    hrichardson@gibsondunn.com
   BRADLEY J. HAMBURGER, SBN 266916
3    bhamburger@gibsondunn.com
   LILY BU, SBN 292326
4    lbu@gibsondunn.com
   333 South Grand Avenue
5  Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
6  Facsimile:  213.229.7520

7  Attorneys for Defendant PRIME NOW LLC

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

| | |
|---|---|
| SIMA ADAMI, as an individual on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>PRIME NOW LLC, a Delaware limited liability corporation authorized to do business in California; and DOES 1 through 50, inclusive,<br><br>              Defendants. | CASE NO. 5:21-CV-03764<br><br>**DEFENDANT PRIME NOW LLC'S NOTICE OF REMOVAL OF ACTION**<br><br>[Removal from the Superior Court in and for the County of Santa Clara, Case No. 21CV379387]<br><br>Action Filed: April 8, 2021 |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF SIMA ADAMI AND HER COUNSEL OF RECORD**: PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–1715, Defendant Prime Now LLC ("Defendant" or "Prime Now") hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. 21CV379387 in the Santa Clara County Superior Court, State of California. Removal is proper on the following grounds:

## TIMELINESS OF REMOVAL

1. On April 8, 2021, Plaintiff Sima Adami ("Plaintiff") filed a Complaint on behalf of herself and a putative class against Defendant in Santa Clara County Superior Court. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) docket sheet, (b) Complaint, (c) Civil Lawsuit Notice, (d) Summons, (e) Civil Case Cover Sheet, (f) Order Deeming Case Complex, and (g) Proof of Service are attached as Exhibits A–G to the Declaration of Heather Richardson ("Richardson Decl.") filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

2. Plaintiff served the Summons and Complaint on Defendant Prime Now LLC via personal service on April 20, 2021. *See* Richardson Decl., ¶ 8, Ex. G (Proof of Service). This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the Summons and Complaint on Defendant.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS AND FACTS GIVING RISE TO JURISDICTION AND REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Defendant pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. Plaintiff purports to bring a putative class action of "[a]ll current and former non-exempt employees of Defendants, individually and/or collectively, in California during the period commencing on the date that is within four years prior to the filing of the Complaint through and including the last date of trial." Richardson Decl., Ex. B (Compl.) ¶ 34. Plaintiff also purports to

represent a subclass of "[a]ll former non-exempt employees of Defendants, individually and/or collectively, in California during the period commencing on the date that is within three years prior to the filing of the Complaint through and including the last date of trial." *Id.* ¶ 34.

5. Plaintiff alleges that Defendant "provides internet retail and mailing order services to Amazon Prime customers in California and across the United States of America." *Id.* ¶ 10. Plaintiff further alleges that "PrimeNow employees have suffered, and those currently employed will continue to suffer" employment violations because "PrimeNow employees were mandated by PrimeNow to wait in line to undergo and undergo temperature checks as a result of the COVID-19 pandemic before entering the building and prior to clocking in for their scheduled shifts." *Id.* ¶¶ 27, 28. Plaintiff also alleges that PrimeNow had a "policy, practice, procedure, guideline, and/or culture of willfully failing to pay former PrimeNow Employees all wages due and owing upon separation of employment and/or the required waiting time penalties for the late payment of such wages." *Id.* ¶ 29. In addition, Plaintiff alleges that "PrimeNow had, and continues to have, a policy, practice, procedure, guideline, and/or culture of not furnishing PrimeNow Employees with accurate itemized wage statements," and "of knowingly and intentionally failing to maintain, for at least three years, a duplicate of the itemized wage statement furnished to PrimeNow Employees or a computer-generated record that accurately shows all of the information required by Labor Code § 226(a), as well as records showing the total daily hours worked each period, the beginning and end times of each work period, and the beginning and end times of each meal period." *Id.* ¶¶ 30, 32.

6. In her Complaint, Plaintiff alleges five causes of action: (1) failure to timely pay minimum, regular and/or overtime wages (Labor Code §§ 204, 210, 510, 558, 1194, 1194.2, 1197, 1197.1 and 1198); (2) failure to timely pay all wages due and owing upon separation of employment (Labor Code §§ 201–203 and 210); (3) failure to furnish accurate itemized wage statements (Labor Code §§ 226 and 226.3); (4) failure to maintain accurate employment records (Labor Code §§ 226, 1174, 1174.5); and (5) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et. seq.*) ("UCL").

7. Among other things, Plaintiff alleges that she and the putative class members are owed "wages and benefits," "waiting time penalties," "damages" pursuant to Labor Code §§ 226, 210,

226(e)(1), 226.3, 558, 1174.5, 1197.1 and Civil Code § 3281, "liquidated damages, pursuant to Labor Code §§ 1194.2 [and] 1197.1," "restitution," and "reasonable attorneys' fees and costs of suit." Richardson Decl., Ex. B (Compl.), Prayer for Relief. Plaintiff also seeks "an order determining that this action may be maintained as a class action with the named Plaintiff as the class representative" and "a declaratory judgment that Defendants violated Labor Code §§ 201–203, 204, 210, 226, 226.3, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, and 1198, as well as the 'Hours and Days of Work,' 'Minimum Wages,' and 'Records,' sections of IWC Wage Order 7-2001." *Id.*

8. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Defendant denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members, and aver that certification of any class would be improper in this case. Defendant expressly reserves all of its rights, including, but not limited to, its right to file motions challenging the pleadings, to oppose class certification, and to contest the merits of all claims asserted in the Complaint. However, for purposes of meeting the jurisdictional requirements for removal *only*, Defendant submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B), and (d)(6).

**A.    The Putative Class Contains More Than 100 Members**

10. Plaintiff seeks to represent "[a]ll current and former non-exempt employees of Defendants, individually and/or collectively, in California during the period commencing on the date that is within four years prior to the filing of the Complaint through and including the last date of trial." Richardson Decl., Ex. B (Compl.) ¶ 34. Plaintiff also purports to bring a putative class action of "[a]ll former non-exempt employees of Defendants, individually and/or collectively, in California during the period commencing on the date that is within three years prior to the filing of the

Complaint through and including the last date of trial." *Id.* While Defendant denies that class treatment is permissible or appropriate, the proposed class and subclass consists of more than 100 members. 28 U.S.C. § 1332(d)(5)(B). From April 8, 2020 to April 8, 2021 alone (the date this action was filed), the *daily* average number of Prime Now non-exempt employees in California was more than 3,000. Declaration of Michael Davis ("Davis Decl."), ¶ 2. Thus, the size of the entire class from April 8, 2017 to April 8, 2021 certainly exceeds 100 members.

**B.   Plaintiff And Defendant Are Not Citizens Of The Same State**

11.   Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

12.   Plaintiff alleges that she is a resident of California. *See* Richardson Decl., Ex. B (Compl.) ¶ 9. Plaintiff also alleges that she "[p]erformed work for PrimeNow as a Prime Now Associate and Wfm Amazon Shopper at a Whole Foods Market" located in California. *Id.* Plaintiff is, therefore, a citizen of the State of California. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (noting that residency creates a rebuttable presumption of domicile supporting diversity of citizenship).

13.   Defendant Prime Now LLC is not a citizen of California, but instead is a citizen of the State of Delaware and the State of Washington.

14.   Under CAFA, a limited liability company shall be deemed to be a citizen of the State under whose laws it is organized and the State where it has its principal place of business. 28 U.S.C. § 1332(d)(10); *see Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010) (holding that a limited liability company is an "unincorporated association" for purposes of § 1332(d)(1)). Prime Now was and is organized under the laws of the State of Delaware and maintains a principal place of business in Seattle, Washington, where the direction, control and coordination for its operations are centered. Brown Decl., ¶ 2.

15.   Outside of CAFA, "an LLC is a citizen of every state in which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Prime Now LLC's sole member and owner is PNF Enterprises, LLC, which is a wholly owned subsidiary of

PNF Properties LLC. Brown Decl., ¶ 2. PNF Properties LLC, in turn, is a wholly owned subsidiary of PNF US LLC, which is a wholly owned subsidiary of Amazon.com Services, Inc., which is a wholly owned subsidiary of Amazon.com, Inc. *Id.* None of the aforementioned entities are incorporated under the laws of the State of California, nor do any of them have a principal place of business in California. *Id.*

16. Amazon.com Services, Inc. and Amazon.com, Inc. are both corporations incorporated in the State of Delaware with their principal place of business in Seattle, Washington. Brown Decl., ¶ 3. Amazon.com, Inc. and Amazon.com Services, Inc. both maintain their corporate headquarters in Seattle, Washington. *Id.* Key executives of Amazon.com Services, Inc. are based out of its Seattle, Washington corporate headquarters. *Id.* Seattle, Washington is also the actual center of direction, control and coordination for its operations. *Id.* Thus, Prime Now LLC is a citizen of the State of Delaware and the State of Washington.

17. Based on the foregoing, diversity is established between Plaintiff and Defendant because Plaintiff and Defendant are citizens of different states.

**C.   The Amount In Controversy Exceeds $5 Million**

18. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

19. Defendant need only show by a preponderance of the evidence (that it is more probable than not) that the amount in controversy exceeds the jurisdictional amount of $5 million. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). Further, the United States Supreme Court has held that under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014). The Supreme Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil

Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 84, 87.

20. In assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

21. Defendant denies any liability in this case and expressly reserves all rights to contest the merits of all claims asserted in the Complaint. But Defendant alleges that the allegations in Plaintiff's Complaint put more than $5 million in controversy for purposes of the jurisdictional requirements *for removal only*.

22. Defendant reserves the right to present evidence establishing the amount placed in controversy by Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 89 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold]."). But for present purposes, Defendant alleges that Plaintiff's claims for alleged failure to maintain accurate records and failure to furnish wage statements alone put more than $5 million in controversy. Although Defendant denies Plaintiff or the putative class members are owed any damages, penalties, or restitution, for the purposes of this jurisdictional analysis only, Defendant relies on Plaintiff's allegations that damages, penalties, and restitution are owed.

1. **Plaintiff's Claims For Failure To Maintain Accurate Records Alone Exceeds $5 Million In Controversy**

23. In Plaintiff's Fourth Cause of Action for Failure to Maintain Accurate Records, Plaintiff alleges that Defendant "had, and continues to have, a policy, practice, procedure, guideline,

and/or culture of knowingly and intentionally failing to maintain, for at least three years, a duplicate of the itemized wage statement furnished to PrimeNow Employees or a computer-generated record that accurately shows all of the information required by Labor Code § 226(a)." Richardson Decl., Ex. B (Compl.) ¶ 32. Plaintiff seeks "damages and penalties, as outlined in Labor Code §§ 226(e)(1) and 1174.5." *Id.* ¶ 99.

24.     Section 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226(e)(1). Section 1174.5 provides for "a civil penalty of five hundred dollars ($500)." *Id.* § 1174.5. Defendant denies that Plaintiff and putative class members are entitled to any penalties. However, for purposes of assessing jurisdiction *only*, Defendant relies on Plaintiff's allegations that such penalties are owed.

25.     From April 8, 2020 (one year before the filing of the Complaint)[1] through April 8, 2021, there were on average more than 3,000 Prime Now non-exempt employees in California each day. Davis Decl., ¶ 2. Plaintiff alleges that she was paid on a weekly basis. Richardson Decl., Ex. B (Compl.) ¶ 23. Thus, based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Fourth Cause of Action for Failure to Maintain Accurate Records is over $9,300,000, calculated as follows:

---

[1] Plaintiff seeks both "damages and penalties, as outlined in Labor Code §§ 226(e)(1) and 1174.5." Richardson Decl., Ex. B (Compl.) ¶ 99. The statute of limitations for actions seeking damages is longer than the one-year statute of limitations for actions seeking penalties. *See* Cal. Civ. Proc. Code § 340. Defendant disputes that Plaintiff may recover actual damages or penalties, and reserves the right to challenge the applicable time period and statute of limitations. For purposes of assessing jurisdiction, however, Defendant conservatively uses the one-year statute of limitations for actions upon a statute for penalty in calculating penalties under section 226(e) and section 1174.5. *See* Cal. Civ. Proc. Code § 340.

*(Cont'd on next page)*

| | |
|---|---|
| Section 226(e) penalty in controversy ($50[2] x 52 pay periods = $2,600 x 3,000[3]) | $7,800,000 |
| Section 1174.5 penalty in controversy ($500 x 3,000) | $1,500,000 |
| **Total** | **$9,300,000** |

### 2. Plaintiff's Claims For Failure To Furnish Accurate Itemized Wage Statements Also Alone Exceeds $5 Million In Controversy

26.  In Plaintiff's Third Cause of Action for Failure to Furnish Accurate Itemized Wage Statements, Plaintiff alleges that she and putative class members' "wage statements . . . did not correctly show the total hours worked by the employee, all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each hourly rate by the employee, the actual gross wages earned, and the actual net wages earned," which is in violation of Labor Code section 226(a).  Richardson Decl., Ex. B (Compl.) ¶¶ 30, 74.  Plaintiff alleges that she and other putative class members "are entitled to, and seek to recover, civil penalties pursuant to Labor Code § 226.3 for violations of Labor Code § 226(a)."  Richardson Decl., Ex. B (Compl.) ¶ 84.

27.  Section 226.3 provides: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."  Cal. Lab. Code § 226.3.

---

[2]  Although Plaintiff's allegations are not clear as to the alleged penalty rate, Defendant conservatively uses only the initial violation rate.  Defendant disputes that Plaintiff is entitled to any penalties, and expressly reserve all rights to contest the merits of Plaintiff's claims.

[3]  While there were on average more than 3,000 Prime Now non-exempt employees in California daily from April 8, 2020 to April 8, 2021 (Davis Decl., ¶ 2), for the purposes of assessing jurisdiction, Defendant conservatively uses 3,000 as the daily average number of Prime Now non-exempt employees in California during this time period.  Defendant disputes that Plaintiff and other proposed class members are entitled to any penalties, and expressly reserve all rights to contest the merits of Plaintiff's claims.

*(Cont'd on next page)*

28.     As discussed above (*supra* ¶ 25), from April 8, 2020 (one year before the filing of the Complaint)[4] through April 8, 2021, the daily average number of Prime Now non-exempt employees was more than 3,000.  Davis Decl., ¶ 2.  Plaintiff alleges that she was paid on a weekly basis.  Richardson Decl., Ex. B (Compl.) ¶ 23.  Thus, based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Third Cause of Action is $39,000,000 ($250[5] x 52 pay periods = $13,000 x 3,000).

### 3. Plaintiff's Request For Attorney's Fees Would Further Increase The Amount In Controversy

29.     Plaintiff also seeks recovery of attorneys' fees.  *See* Richardson Decl., Ex. B (Compl.) Prayer for Relief ¶ K.  Claims for attorneys' fees are properly included in determining the amount in controversy.  *See Guglielmino*, 506 F.3d at 700 (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.");  *see also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'" (citation omitted)); *Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (finding reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy).

30.     The Ninth Circuit has endorsed the use of a benchmark rate of 25% of the potential damages as the amount of attorneys' fees.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir.

---

[4] Although the putative class definition in the Complaint goes from "the date that is within four years prior to the filing of the Complaint through and including the last date of trial," (Richardson Decl., Ex. B (Compl.) ¶ 34), a wage statement claim under Section 226 is subject to "a one-year statute of limitations if the plaintiff pursues wage statement penalties . . . and, alternatively, a three-year statute of limitations if the plaintiff pursues wage statement actual damages."  *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, No. 1:15-cv-01489, 2019 WL 5787805, at *23 (E.D. Cal. Nov. 6. 2019).

[5] Although Plaintiff's allegations are not clear as to the alleged penalty rate, Defendant conservatively uses only the initial violation rate.  Defendant disputes that Plaintiff is entitled to any penalties, and expressly reserve all rights to contest the merits of Plaintiff's claims.

1998) (overruled on other grounds); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that the benchmark for attorneys' fees is 25% of the common fund). Courts may include that fee in the CAFA amount in controversy

31. Defendant has demonstrated by a preponderance of the evidence that the amount in controversy conservatively exceeds $5 million, but the inclusion of attorneys' fees would increase the amount in controversy by an additional 25%.

### 4. Plaintiff's Additional Causes Of Action Would Further Expand The Amount In Controversy

32. Based only on the claims for failure to maintain accurate records and wage statement penalties, the amount in controversy is already well over $5 million.

33. This figure is under-inclusive of the actual amount in controversy because it does not account for, among other things, any recovery sought for unpaid wages (First Cause of Action), failure to timely pay all wages due and owing upon separation of employment (Second Cause of Action), other violations of Business & Professions Code § 17200 (Fifth Cause of Action), and additional attorneys' fees based on these other claims.

34. Plaintiff's allegations, therefore, place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

### D. Intradistrict Assignment

35. This action is properly removed to the Court's San Jose Division because Plaintiff originally filed his Complaint in the Superior Court for the County of Santa Clara. *See* N.D. Cal. Civ. L.R. 3-2(e), 3-5(b).

### E. Defendant Has Met Its Initial Burden for Removal

36. Because Defendant has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the case is removable. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); *see* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

### THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

37. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

 a. This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);
 b. Plaintiff's putative class, under Plaintiff's allegations, would encompass at least 100 persons as required by § 1332(d)(5)(B);
 c. the alleged amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and
 d. a member of the proposed class is a citizen of a state different from any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

38. The United States District Court for the Northern District of California is the federal judicial district embracing the Santa Clara County Superior Court. This action was originally filed in the Santa Clara County Superior Court, rendering venue in this federal judicial district proper. *See* 28 U.S.C. § 84(a); 28 U.S.C. § 1441(a). Under Local Rule 3-2(e), the case may be assigned to the San Jose Division.

39. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits A–G to the Declaration of Heather Richardson filed concurrently herewith.

40. Upon filing the Notice of Removal, Defendant will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Santa Clara County Superior Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby removes to the Court the above action pending against them in the Superior Court of California, Santa Clara County.

DATED: May 19, 2021

GIBSON, DUNN & CRUTCHER LLP

By:    */s/ Heather Richardson*
      Heather Richardson

Attorneys for Defendant Prime Now LLC